# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARIAN KOROMA, | DOCKET NUMBER |
| Appellant, | SF-0752-24-0509-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: January 27, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Veronica Harte, Esquire, and Madison Reed, Esquire, Dallas, Texas,
  for the appellant.

Scott Ayers, Esquire, Seattle, Washington, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

On petition for review, the appellant argues that the administrative judge incorrectly weighed the evidence in deciding to sustain the charge. Petition for Review File, Tab 4 at 7-11. She further argues that the penalty of removal was excessive. *Id*. at 11-14. In particular, she asserts that the agency did not timely put her on notice of perceived discrepancies with her timekeeping, and that her past disciplinary history, work record, and ability to perform are factors that weigh heavily in her favor. *Id*. The appellant also contests the administrative judge's findings on her affirmative defenses of discrimination and retaliation for equal employment opportunity (EEO) activity. *Id*. at 14-20.

Regarding the charge, conduct unbecoming has no specific elements of proof; the agency establishes the charge by proving the appellant committed the acts alleged under this broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). The agency must also prove that the conduct was unattractive, unsuitable, or detracted from the appellant's character or reputation. *Miles v. Department of the Army*, 55 M.S.P.R. 33, 637 (1992). Here, we discern no error in the administrative judge's finding that the appellant received overtime for hours she did not work, as evidenced by the discrepancy between the tasks she

reported on SharePoint and the activity reflected in the Employee Performance Reports. The appellant's explanation that the discrepancies were the result of system "glitches" or manual alteration of the records is speculative and unpersuasive. Moreover, there is no doubt that the appellant's conduct in claiming credit for overtime hours she did not work was unattractive, unsuitable and/or detracted from her character or reputation. Accordingly, we conclude that the administrative judge did not err in sustaining the charge.

We also discern no error in the administrative judge's findings on the appellant's defense of race discrimination and retaliation for Title VII activity. Title VII prohibits discrimination based on race as well as retaliation for opposing such discrimination. 42 U.S.C. § 2000e-16; *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20, 30. The same standards apply to both discrimination and retaliation claims under Title VII. *Pridgen*, 2022 MSPB 31, ¶ 30. To obtain relief under Title VII, an appellant must, at a minimum, show that discrimination or retaliation was a motivating factor in the contested action, i.e., that it played any part in the way the decision was made, while to obtain the full range of relief, including reversal of the action, the appellant must show that discrimination or retaliation was a but-for cause of the action. *Id.*, ¶¶ 20-22. Proving discrimination or retaliation under either standard may be accomplished through direct or circumstantial evidence or a combination thereof.[2] *Id.*, ¶ 24. We agree with the administrative judge that the appellant failed to show by preponderant evidence that race discrimination or retaliation for Title VII activity

---

[2] Direct evidence may be any statement by an employer that reflects directly the alleged discriminatory attitude and bears directly on the contested action. *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 40 (2012). Circumstantial evidence may include (a) evidence of suspicious timing, ambiguous statements or behavior to other employees in the protected group, or "other bits and pieces from which an inference of discriminatory intent might be drawn," (b) comparator evidence, i.e., evidence that employees similarly situated to the appellant other than in the protected characteristic received systematically better treatment, or (c) evidence showing that the agency's stated reason for its action is unworthy of belief and a pretext for discrimination. *Pridgen*, 2022 MSPB 31, ¶ 24.

was even a motivating factor in the agency's decision to remove her. In particular, we note that the agency's similar treatment of another employee of the same race who committed similar misconduct does not by itself tend to show that race was a motivating factor in the appellant's removal.

To obtain relief on her claim of disparate treatment based on disability, the appellant must show at a minimum that her disability was a motivating factor in the agency's decision to remove her, while the full range of relief requires a showing of but-for causation. *Pridgen*, 2022 MSPB 31, ¶¶ 40-41. In contrast, to obtain relief on a claim of retaliation for protected activity related to disability, such as requesting a reasonable accommodation, the appellant must show at the outset that her protected activity was a but-for cause of the agency's decision. *Id*., ¶¶ 43-46. We agree with the administrative judge that the appellant has not shown by preponderant evidence that her disability was a motivating factor in her removal or that her protected activity was a but-for cause of the agency's decision.

As to the penalty, we are not persuaded by the appellant's contention that her past disciplinary history, work record, and ability to perform are factors that weigh heavily in her favor. While it is undisputed that her performance was satisfactory, the appellant's disciplinary record includes a 14-day suspension for conduct unbecoming based on similar misconduct. Given the appellant's past discipline and evident lack of rehabilitative potential, we discern no error in the administrative judge's finding that the removal penalty was within the bounds of reasonableness.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.